IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| MERLE T. RUTLEDGE, | ) | |
| | ) | 4:10CV00054 |
| Plaintiff | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| TOWN OF CHATHAM, ET AL. | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendants | ) | |

Before me is Plaintiff Merle Rutledge's Motion to Proceed In Forma Pauperis, along with a Proposed Complaint and a Proposed Amendment. Granting leave to proceed in forma pauperis is discretionary with this Court. 28 U.S.C. § 1915 (a)(1) ("any court of the United States **may** authorize the commencement…of any suit…without prepayment of fees") (emphasis added); Gardner v. King, 464 F.Supp. 666, 669 (W.D.N.C. 1979). For the reasons stated herein, I will **DENY** the Plaintiff's Motion to Proceed In Forma Pauperis and **DISALLOW** his filing of the Proposed Complaint and Proposed Amendment without paying the filing fee within 14 days of the date of this order.

This suit appears to be an attempt to revive the Chatham Defendants from a lawsuit currently pending before this Court, Rutledge v. Town of Chatham, 4:10CV00035. The Plaintiff's Proposed Complaint in the case at bar arises from precisely the same set of operative facts as the suit in 4:10CV00035, which the Plaintiff filed but three months ago. Compare Proposed Compl. with Compl. In 4:10CV00035, Aug. 10, 2010, ECF No. 3. In the Proposed Complaint, the Plaintiff re-alleges claims under 42 U.S.C. § 1983 for illegal seizure of his person, in addition to new claims for unlawful seizure of his property, civil conspiracy, and invasion of the right to privacy.

1

Proposed Compl. 5-6. The Proposed Amendment adds facts about alleged stalking by Officer Roach and also attempts to hold Chatham Police Chief Marvin Wright liable under the new facts presented in the Amendment. Proposed Am. Compl.

The Plaintiff again seeks to bring suit against the Town of Chatham Police Department. For the reasons explained in the September 30th, 2010 Memorandum Opinion issued by this Court in Rutledge v. Town of Chatham, 4:10CV00035, the town police department is not amenable to suit. Rutledge v. Town of Chatham, No. 4:10CV00035, mem. op. at 2-3 (W.D.Va. Sept. 30, 2010). In other words, it is impossible to sue a local police department in Virginia because, as a matter of law, there is no entity that can be sued. Id. The Plaintiff has already made two previous attempts to hold the Town of Chatham Police Department liable. Compl. in 4:10CV00035, Aug. 10, 2010, ECF No. 3; Mot. for Recons. in 4:10CV00035, Oct. 6, 2010, ECF No. 45. The Court will not grant in forma pauperis status to entertain this third attempt. Compare Taylor v. McSwain, 335 Fed.Appx. 32, 33 (11th Cir. 2009) (pro se plaintiffs must be given an opportunity to amend if a more carefully crafted complaint might state a claim) with Castro Romero v. Becken, 256 F.3d 349, 353 (5th Cir. 2001) (dismissal is appropriate where a pro se plaintiff has been given several opportunities to amend and still fails to state a claim).

The Plaintiff has included the Town of Chatham in this latest lawsuit, but has alleged no new facts that could form any basis of liability for the municipality. The facts the Plaintiff presents against the town in his Proposed Complaint are a mirror image of the facts presented in the Plaintiff's August 10th, 2010 Complaint in Rutledge v. Town of Chatham, 4:10CV00035. Compare Proposed Compl. with Compl. in 4:10cv00035, Aug. 10, 2010, ECF No. 3. The Court already considered these facts and allegations in its

September 30th, 2010 Memorandum Opinion issued in the Plaintiff's other pending case and found that the Plaintiff failed to state a claim against the town. Rutledge, No. 4:10CV00035, at 2-6. The Plaintiff made an October 6th, 2010 Motion for Reconsideration and Motion to Amend, which this Court denied. Mot. for Recons. in 4:10CV00035; Rutledge v. Town of Chatham, No. 4:10CV00035 (W.D.Va. Oct. 6, 2010) (order denying motion for reconsideration and motion to amend). As the Plaintiff has failed to state a claim against the Town of Chatham on this third attempt, granting in forma pauperis status would be inappropriate. Castro Romero, 256 F.3d at 353.

Aside from pointing out that the Chatham Police Department is small and thereby insinuating that because of that fact Chief Marvin Wright must keep extremely close tabs on his officers, the Plaintiff offers no new facts upon which Chief Wright could be held liable. Proposed Am. Compl. 3. The Plaintiff has not pleaded any new facts to support a plausible claim that Chief Wright was involved in or knew about any alleged misconduct on the part of Officer Roach. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (enough facts must be alleged in order to state a claim that is plausible, not merely speculative). The Court will not allow a second lawsuit to rehash the issues already considered in Rutledge v. Town of Chatham, 4:10CV00035. Rutledge, No. 4:10CV00035, at 5-6; Castro Romero, 256 F.3d at 353.

The Plaintiff also makes a civil conspiracy claim against Officer Roach and Chief Wright. Proposed Compl. 6. The Plaintiff has pleaded no facts that make it plausible that there was an agreement between Officer Roach and Chief Wright to violate the Plaintiff's civil rights. Twombly, 550 U.S. at 555. Since Officer Roach cannot be in a conspiracy by himself, failing to state a conspiracy claim against Chief Wright is fatal to the Plaintiff's conspiracy claim against Officer Roach. See Hafner v. Brown, 938 F.2d

3

570, 576 fn.6 (4th Cir. 1992) (noting that "[a] civil conspiracy is a combination of two or more persons acting in concert") (internal citing references and quotation marks omitted). If the Plaintiff has additional facts regarding his August 3rd, 2010 encounter with Officer Roach, they must be pleaded by a Motion to Amend and a Proposed Amendment to Rutledge v. Town of Chatham, 4:10CV00035, not by a separate lawsuit.

Finally, the Plaintiff has proffered a Proposed Amendment in which he accuses Officer Roach of stalking him. Proposed Am. Compl. Stalking is not a private cause of action in Virginia. Goforth v. Office Max, 48 Va. Cir. 463, 1999 WL 33722384, at *5 (Va. Cir. Ct. Apr. 16, 1999). The General Assembly has not created a civil action for stalking and none existed at common law. Id. Stalking is a criminal offense in this Commonwealth, though notably not one that applies to law enforcement while performing their official duties. Va. Code Ann. § 18.2-60.3(A). The Court will not grant in forma pauperis status to consider a non-existent state law claim against Officer Roach.

For the reasons discussed above, I will **DENY** the Plaintiff's Motion to Proceed In Forma Pauperis and **DISALLOW** his filing of the Proposed Complaint and Proposed Amendment without paying the filing fee within 14 days of the date of this order.

Entered this 5th day of November, 2010.

s/Jackson L. Kiser<br>
Senior United States District Judge